**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-41136
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RUBEN ANSELMO ZEA-LUNA; ALEJANDRO GUDINO-VARA,

Defendants-Appellants.

Appeal from the United States District Court
For the Southern District of Texas
(M-96-CR-198-4)

September 18, 1998

Before WISDOM, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

A jury convicted Ruben Anselmo Zea-Luna and Alejandro Gudino-Vara of conspiracy to possess with intent to distribute marijuana. The district court sentenced Zea to 46 months of imprisonment and three years of supervised release. It sentenced Gudino to 52 months of imprisonment, three years of supervised release, and imposed a $10,000 fine. Zea and Gudino timely filed notices of appeal. They argue that the district court erred in giving them a two-level enhancement for obstruction of justice. Gudino also argues that the district court erred in imposing the $10,000 fine.

---

[*]Under 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Neither contention has merit.  We affirm.

We review the district court's findings regarding the obstruction of justice enhancement under the "clearly erroneous" standard.[2]  The appellants contend that there was no evidence to support the finding that they knew their families paid a bribe to a juror sitting on their case.  The district court found that several factors pointed to Zea's and Gudino's indirect participation in the bribe of the juror.  With regard to Zea, the court concluded that because of his close family relationship, his desire to retain his attorney despite a conflict of interest, and his attorney's knowledge of the juror contact, Zea must have been aware of the bribe.  With regard to Gudino, the court concluded that he was aware of the bribe because of his close relationship with his family members and his substantial access to them during the trial.  Viewing the record in its entirety, the district court's account of the evidence is plausible.

We review the district court's imposition of the $10,000 fine for plain error because Gudino did not raise the issue before the district court.[3]  "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error."[4]  Gudino's contention that he has the

---

[2] *United States v. McDonald*, 964 F.2d 390, 392 (5th Cir. 1992.)

[3] See *United States v. Maldonado*, 42 F.3d 906, 909-12 (5th Cir. 1995); *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (*en banc*).

[4] *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).

inability to pay the $10,000 fine is a question of fact which could have been resolved in the district court upon proper objection, and therefore does not constitute plain error.  Moreover, even if the issue is subject to review for plain error, Gudino has not made the required showing because he neither presented evidence at the sentencing hearing regarding his inability to pay a fine, nor attempted to rely upon the figures regarding his ability to pay presented in his Presentence Report.[5]

AFFIRMED.

---

[5] See *United States v. Fair*, 979 F.2d 1037, 1041 (5th Cir. 1992).